# EXHIBIT "B"

# EXHIBIT "B-1"

12/9/2021 3:11 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59881685
By: Brittany Hall
Filed: 12/9/2021 3:11 PM

NO. _____

| | | |
|---|---|---|
| EULA SINGLETON TART<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | ____ JUDICIAL DISTRICT |
| CITI TRENDS INC.<br>Defendant. | § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** EULA SINGLETON TART, hereinafter called Plaintiff, complains of and about CITI TRENDS INC., hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to the Texas Rules of Civil Procedure Plaintiff intends that discovery be conducted under a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

2. Plaintiff, EULA SINGLETON TART, is an individual who resides in Harris County, Texas.

3. Defendant CITI TRENDS INC., a Foreign Corporation doing business in Texas. Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, its registered office. Service of

1

Certified Document Number: 99346591 - Page 1 of 8

said Defendant as described above can be effected by personal delivery.

**JURISDICTION AND VENUE**

4. This court has jurisdiction over the parties because Defendant, CITI TRENDS INC., purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts with said forum sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

5. Plaintiff would show that Defendant, CITI TRENDS INC., had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

6. Plaintiff would show that Plaintiff's cause of action against Defendant, CITI TRENDS INC., arose from its continuous and systematic contacts with the State of Texas.

7. This Court has jurisdiction and venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

**FACTS**

8. On January 29, 2020, Plaintiff Eula Singleton Tart was shopping at Citi Trends located at 13749A Tomball Parkway, Houston, Texas 77086, when she tripped over a clothing rack that was placed incorrectly and hazardously in the middle of the isle. At the time of the incident the store was managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant Citi Trends Inc. As a result of this incident, Plaintiff sustained serious

2

Certified Document Number: 99346591 - Page 2 of 8

personal injuries for which he had to seek the care of medical professionals.

## LIABILITY OF DEFENDANT CITI TRENDS INC.

9. At the time and on the occasion in question, Defendant CITI TRENDS INC., managed, maintained, occupied, controlled, leased, operated, and/or owned CITI TRENDS INC., located at 13749A Tomball Parkway, Houston, Texas 77086. In setting up and maintaining the store, Defendant and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

    A. In failing to monitor the condition of the store;

    B. In failing to promptly monitor the isles;

    B. In failing to promptly keep the isles clear;

    C. In failing to properly train its employees;

    D. In failing to warn others that a dangerous condition existed; and

    E. In creating a hazard to others.

10. Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and resulting damages.

11. Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

## PREMISES LIABILTY

12. Plaintiff EULA SINGLETON TART was an invitee on the premises in question managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant. Defendant knew, or in the exercise of ordinary care, should have known of an unreasonable

3

dangerous condition existing on the floor, which posed an unreasonable risk or harm to the general public, including Plaintiff, EULA SINGLETON TART, but failed to inspect and make safe or adequately warn her of the condition.

13.   In the alternative, Plaintiff would show that he was a licensee on the premises in question managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant. Defendant knew of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk of harm to the general public, including Plaintiff EULA SINGLETON TART, but failed to make safe or adequately warn her of the condition. Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

## PROXIMATE CAUSE

14.   Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF EULA SINGLETON TART

15.   As a direct and proximate result of the occurrence made the basis of this lawsuit and Defendant's acts as described herein, Plaintiff EULA SINGLETON TART was caused to suffer personal injuries and to endure anxiety, pain, and illness resulting in damages more fully set forth below:

   a.   The physical pain and mental anguish sustained from the date of incident to the time of verdict herein;

   b.   The physical pain and mental anguish which, in reasonable medical probability, will be suffered after the date of verdict herein;

   c.   The reasonable and necessary costs of medical care and treatment, including

4

      doctors, hospitals, nurses, medicines, and other services and supplies from the date of the incident to the time of verdict herein;

d. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which, in reasonable probability will be incurred in the future after the date of verdict herein;

e. Physical impairment which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

f. The physical impairment which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

g. Physical disfigurement which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

h. The physical disfigurement which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

16. By reason of the above, Plaintiff, EULA SINGLETON TART has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRESERVING EVIDENCE

17. Plaintiff hereby requests and demand that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages,

5

Certified Document Number: 99346591 - Page 5 of 8

and evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## NOTICE OF USE

18. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## DESIGNATED E-SERVICE EMAIL ADDRESS

19. The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

20. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition. Plaintiff request that each corporate Defendant provide dates that Defendant's corporate representative is available for Plaintiff to take Defendant's corporate representative's deposition.

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

21. Under the Texas Rules of Civil Procedure 47 (c), Plaintiff seeks monetary relief in excess of $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-

Certified Document Number: 99346591 - Page 6 of 8

judgement interest, and judgement for all other relief to which Plaintiffs is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, EULA SINGLETON TART, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE HADI LAW FIRM, PLLC

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
Seve Thomas
Texas Bar No. 24115145
Ariana Mehdipour
Texas Bar No. 24123765
Anita Mehdipour
Texas Bar No. 24126491
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel: (832) 433-7977
Fax: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

7

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: December 9, 2021**

**Travelers Insurance**
**P.O Box 430**
**Buffalo, New York 14240**
**Claim#: FMT3147**
**Fax: (877) 389-4687**
**Phone: (704) 544-3001**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 7, 2022


Certified Document Number:        99346591 Total Pages:  8

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT "B-2"

Case 4:22-cv-00095   Document 1-2   Filed on 01/11/22 in TXSD   Page 13 of 18

1/10/2022 7:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60642658
By: Iris Collins
Filed: 1/10/2022 7:55 AM

CAUSE NO. 2021-80289

| | | |
|---|---|---|
| EULA SINGLETON TART | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITI TRENDS INC. | § | |
| *Defendant.* | § | 269TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **CITI TRENDS, INC.**, hereafter referred to as Defendant, and files this Original Answer in response to the claim(s) of **EULA SINGLETON TART**, hereafter referred to as Plaintiff, and respectfully shows the Court and Jury the following:

**I.**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and demands strict proof thereof as required by the constitution and laws of the State of Texas.

**II.**

Pleading further, Defendant asserts that the incident made the basis of this suit and/or Plaintiff's alleged injuries were proximately caused by the sole negligence or contributory negligence and other conduct on the part of the Plaintiff, **EULA SINGLETON TART**, including failure to use ordinary care.

**III.**

Defendant further answers and says that if the Plaintiff has suffered or is suffering from any illness, disease, or condition which, in whole or in part was and is the result of some prior or subsequent accident, injury, disease, physical defect, or bodily condition and which did not

proximately result from the occurrence made the basis of this suit, then Plaintiff is not entitled to recover for those damages in connection with the incident in question.

## IV.

If Plaintiff is claiming loss of income or earning capacity, Defendant pleads the defense set forth in Tex. Civ. Prac. and Rem. Code Section 18.091, requiring Plaintiff to prove her loss of earnings and/or loss of earning capacity in the form which represents her net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages, if any, sought by the Plaintiff, is subject to federal and state income taxes.

## V.

Further, Defendant affirmatively seeks the protection of any statute and/or law which caps, restricts, limits or modifies the amount of monetary damages which might be awarded against it in connection with this lawsuit.

## VI.

Further, to the extent that the medical expenses and/or health care expenses exceed the amount actually paid on behalf of Plaintiff, this Defendant asserts the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code; thus, recovery of medical and/or health care expenses by the Plaintiff are limited to the amount actually paid by or on behalf of the Plaintiff.

## VII.

Defendant further alleges a failure to mitigate damages on the part of the Plaintiff to the extent any of her medical treatment was not covered by a policy providing medical coverage as required by law, or if she failed to submit any or all of her medical bills to her health insurance

provider. Defendant further alleges a failure to mitigate to the extent that the Plaintiff may have delayed seeking medical treatment and/or failed to comply with medical treatment, protocols and advice.

### VIII.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby provides actual notice that any and all documents produced by any party involved in this case will be considered self-authenticated and may be used at any pretrial proceeding and/or at the trial of this matter.

### DESIGNATED E-SERVICE EMAIL ADDRESS

Pursuant to TRCP, Rule 21 (f) (2) and 21 (a), the following is designated as the undersigned's **ONLY valid email address for electronic service of documents** (i.e., pleadings, motions, discovery, and notices): **EservHous@travelers.com**   Service through any other email address will be considered invalid.

All other communications which are *not* related to the service of documents should be sent to the undersigned's personal email address, reflected below.

WHEREFORE, PREMISES CONSIDERED, Defendant, **CITI TRENDS, INC.**, having answered herein, prays that Plaintiff take nothing by this suit, that Defendant be discharged without delay, that Defendant be awarded all costs of Court, and all further relief, both general and special, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**DEAS & ASSOCIATES**

_____
**J. PRESTON WROTENBERY**
TSB No. 22083400

Certified Document Number: 99767632 - Page 3 of 5

3

**MAILING ADDRESS:**
P.O. Box 64093
St. Paul, MN 55164-0093
**PHYSICAL ADDRESS:**
4650 Westway Park Blvd., Ste. 150
Houston, Texas 77041
(281) 606-8968
(281) 606-8970 (Fax)
Personal Email: jwrotenb@travelers.com
*ESERVICE ONLY: EservHous@travelers.com
(*only use for service of pleadings and discovery)
**ATTORNEY FOR DEFENDANT,**
**CITI TRENDS, INC.**

## JURY DEMAND

Defendant formally requests a trial by jury and tenders payment in satisfaction of the jury fee.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record, or parties pro se, as listed below by either regular mail, certified mail, return receipt requested, hand delivery, facsimile and/or electronic transmission, on this the 10th day of January, 2022.

Husein Hadi                                     *Via E-Service: litigation@thehadilawfirm.com*
Jamil Thomas
Carnegie H. Mims, III
Sedrick Stagg
Steve Thomas
Ariana Mehdipour
Anita Mehdiour
The Hadi Law Firm, PLLC
7100 Regency Square Blvd., Ste. 140
Houston, Texas 77036
**ATTORNEYS FOR PLAINTIFF**

_____
**J. PRESTON WROTENBERY**

4

Certified Document Number: 99767632 - Page 4 of 5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ashley Kasischke on behalf of J Wrotenbery
Bar No. 22083400
akasisch@travelers.com
Envelope ID: 60642658
Status as of 1/10/2022 10:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Husein Hadi | 24067641 | Litigation@thehadilawfirm.com | 1/10/2022 7:55:32 AM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 10, 2022


Certified Document Number:         99767632 Total Pages:  5

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**